**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2024

LETTER TO COUNSEL

RE: *Bridget H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2200

Dear Counsel:

On August 14, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 8) and the parties' briefs (ECF Nos. 11, 13, 14), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will reverse the SSA's decision and remand this case to the SSA. This letter explains my rationale.

I. **PROCEDURAL BACKGROUND**

Plaintiff applied for disability insurance benefits on February 22, 2016. Tr. 50. She alleged a disability onset of June 1, 2015. *Id.* The claim was denied initially and on reconsideration. *Id.* An Administrative Law Judge ("ALJ") held a hearing on November 6, 2018. *Id.* On January 17, 2019, the SSA determined that Plaintiff was not disabled during the relevant period. Tr. 47–67. After the Appeals Council declined to review that decision, Tr. 1–7, Plaintiff appealed to this Court, Tr. 765–72. The Court remanded Plaintiff's case to the SSA. Tr. 773. On June 1, 2023, the SSA issued a second unfavorable decision on Plaintiff's application for benefits. Tr. 676–705. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the June 1, 2023 decision is final and subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.984(d).

II. **THE ALJ'S DECISION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA

evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff did not engage in substantial gainful activity during the relevant period. Tr. 682. At step two, the ALJ found that Plaintiff "had the following severe impairments: gastritis/duodenitis/colitis, lumbar strain, dysfunction of the right hip and hamstring, and chronic pain syndrome." *Id.* The ALJ found that Plaintiff's "hernia, left shoulder tendinitis and tendinosis, left elbow tenonitis, gastroesophageal reflux disease (GERD), benign mammary dysplasias of right breast, plantar fasciitis, left foot minimal degenerative osteoarthritis, hypothyroidism, hyperlipidemia, vitamin D deficiency, allergic dermatitis, left temporal headache, migraine headache, unspecified blepharitis, affective disorder, and anxiety disorder" were non-severe. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 685.

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. § 404.1567(b), but with the following added limitations: "sitting for only 30 minutes at a time; occasionally stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional exposure to vibrations; and occasional exposure to hazardous conditions, including unprotected heights and moving machinery." Tr. 686. At step four, the ALJ found that Plaintiff could perform her past relevant work as a school secretary. Tr. 695. The ALJ also made an "alternative" finding that Plaintiff could perform two jobs existing in significant numbers in the national economy. Tr. 696. Based on these findings, the ALJ concluded that Plaintiff was not disabled. Tr. 697.

### III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the substantial-evidence inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.   ANALYSIS

Plaintiff argues that the ALJ's findings at steps four and five are not supported by substantial evidence because the ALJ misrepresented the testimony of a vocational expert. ECF

*Bridget H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2200
June 6, 2024
Page 3

No. 11 at 14. She asks the Court to reverse the ALJ's decision and remand the case to the SSA "for a calculation of disability benefits." *Id.* at 17. In response, Defendant avers that "the ALJ clearly assessed Plaintiff's contested abilities by discussing an array of evidence, and has met [their] obligation in explaining, with the support of substantial evidence, that [Plaintiff] remained capable of performing a limited range of light exertional work activity." ECF No. 13 at 12.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545[.]" *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996). At steps four and five of the sequential evaluation process, an ALJ may rely on the testimony of a vocational expert for assistance in determining whether a claimant's RFC prevents them from performing their past relevant work and/or work that exists in the national economy. *See* SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record[] and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted); *see also Wells v. Chater*, No. 94–2186, 1995 WL 417685, at *2 (4th Cir. July 7, 1995) (noting that an ALJ "has wide latitude in posing hypothetical questions as long as there is substantial evidence to support those questions").

Governed by these standards, and having carefully reviewed the record, the Court concludes that the ALJ erred at steps four and five. During the hearing on Plaintiff's claim, the ALJ asked a vocational expert whether an individual could perform any jobs if they must sit for no more than thirty minutes "when the individual *does* sit[.]" Tr. 729 (emphasis added). The vocational expert responded that the answer depended on the activity that would follow a period of sitting. *Id.* Later in the hearing, the ALJ asked the vocational expert to clarify whether Plaintiff's past relevant work and other jobs "would remain" if Plaintiff were limited to sitting for a "maximum" of thirty minutes "and then standing and walking either/or 5 to 10 minutes before they resume sitting." Tr. 732. The vocational expert answered in the affirmative. *Id.*

In their decision, the ALJ concluded that Plaintiff could sit "for only 30 minutes at a time[.]" Tr. 686. However, the ALJ made no finding regarding the amount of time that Plaintiff was required to stand and/or walk between periods of seated activity. *See id.* At step four, the ALJ determined that Plaintiff could perform her past relevant work. Tr. 695. The ALJ stated that "[t]he vocational expert testified [that] the [RFC] detailed herein allows for the performance of the claimant's past relevant work as actually and generally performed." Tr. 696. The ALJ also stated that the vocational expert testified that "an individual having the same . . . [RFC] as" Plaintiff could perform two jobs that existed in the national economy. *Id.*

Having carefully reviewed the ALJ's decision and the vocational expert's testimony, the Court agrees with Plaintiff that remand is warranted. Contrary to the ALJ's assertion, the vocational expert did not testify that any jobs could be performed with the RFC set forth in the ALJ's decision. Significantly, the vocational expert did not confirm that Plaintiff could work if

Case 1:23-cv-02200-SAG   Document 15   Filed 06/06/24   Page 4 of 5

*Bridget H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2200
June 6, 2024
Page 4

she were limited to sitting "for no more than 30 minutes at a time." Tr. 729. Rather, the vocational expert made clear that the effect of this hypothetical limitation on Plaintiff's ability to work "depend[ed]" on the activity that followed a period of sitting as well as the time at which Plaintiff "would . . . sit back down[.]" Tr. 729–31. Despite the vocational expert's clarifications, the ALJ stated that the vocational expert testified that the RFC assessed in the decision did not prevent Plaintiff from performing her past relevant work or other jobs. Tr. 696. However, the RFC assessment contains no provision concerning the amount of time that Plaintiff must stand and/or walk after a period of sitting. *See* Tr. 686. Moreover, the decision contains no ostensible basis for the limitation that was quoted to the vocational expert (namely, a limitation to sitting for a "maximum" of thirty minutes "and then standing and walking either/or 5 to 10 minutes" before Plaintiff resumes sitting). Tr. 732. Consequently, the ALJ's hypothetical question was not "proper" because it was not "based upon a consideration of all [the] evidence in the record[.]" *Walker*, 889 F.2d at 50; *see also Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) ("Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question.").

Because the ALJ relied upon a response to an improper hypothetical question in reaching their conclusions, and because a reasoning mind would not accept that the vocational expert's testimony supports the conclusions reached at steps four and five, the ALJ's findings at these steps are not supported by substantial evidence. *See Wells*, 1995 WL 417685, at *2; *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 99 (4th Cir. 2020) (stating that findings based on "misstate[ments] or mischaracteriz[ations] . . . can hardly be supported by substantial evidence"). Because it is not clear whether Plaintiff's impairments warrant a limitation to sitting for a "maximum" of thirty minutes "and then standing and walking either/or 5 to 10 minutes" before resuming a seated position, Tr. 732, the ALJ's error was consequential and warrants remand for additional analysis.

As a final matter, the Court does not agree with Plaintiff that this case should be remanded with an instruction to award benefits. When a reviewing court identifies harmful error in an SSA decision, "the proper course, expect in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The exception to this rule arises when a record clearly establishes disability and "reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Such an exception does not exist here. On remand, a proper analysis may again lead to the conclusion that Plaintiff's RFC does not prevent her from performing her past relevant work and/or other jobs, particularly because the issue here appears to be one of wording and precision more than an issue with occasionally performing a desk job in a standing position. Because disability is not clearly established in the record before the Court, an instruction to award benefits on remand is not appropriate. *See id.*

## V.    **CONCLUSION**

For the reasons set forth above, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further

*Bridget H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2200
June 6, 2024
Page 5

proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

                Sincerely yours,

                /s/
                Stephanie A. Gallagher
                United States District Judge