**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 5, 2025

LETTER TO COUNSEL

RE: *Bridget H. v. Commissioner, Social Security Administration*;
Civil No. SAG-23-02200

Dear Counsel:

Theodore A. Melanson, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 22. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Melanson's requested amount constitutes a reasonable fee. ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED in part.

On July 31, 2024, this Court awarded Mr. Melanson $4,300.00 for 17.75 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17-8, 19. Plaintiff subsequently received an Award Notice, in which she was awarded $184,963.00 in past due benefits. ECF 22-2. On August 20, 2025, Mr. Melanson filed a Motion in this Court, seeking $46,240.75 in attorney's fees. ECF 22. Mr. Melanson has agreed to reimburse Plaintiff the amount of EAJA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he

*Bridget H. v. Commissioner, Social Security Administration*;
Civil No. SAG-23-2200
September 5, 2025
Page 2

might become entitled.  ECF 17-4.  In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted an itemized report documenting the 17.75 chargeable hours he expended before this Court in Plaintiff's case.  ECF 17-8.  If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $2605.11 per hour.  Mr. Melanson must therefore show that an effective rate of $2605.11 per hour is reasonable for the services he rendered.  *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Melanson contends that a "presumptive reasonable hourly rate" for his services is $350.000, ECF 22-3 at 3, while he acknowledges that judges have awarded up to four times his standard rate when he prevails in a contingency case. *Id.* However, the $2605.11 rate is more than seven times Mr. Melanson's hourly rate and far exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, even to attorneys with more experience.  While this Court notes Mr. Melanson's effective performance and the substantial past-due benefit award to his client, his request for $46,240.75 hours in this case would result in a windfall.  Instead, this Court finds that an award of $24,850.00, amounting to an effective hourly rate of $1400.00—four times Mr. Melanson's presumptive reasonable hourly rate, would adequately compensate Mr. Melanson for the time that he spent on this case in this Court. *See, e.g., Hinton v. Kijakazi,* Civ. No. 1:20-cv-1503-JMC, at *2 (D. Md. 2023) (awarding Mr. Melanson fees in an amount just above $1312.00 per hour where the past-due benefits exceeded $100,000).

For the reasons set forth herein, this Court GRANTS in part Mr. Melanson's motion seeking attorney's fees, ECF 22.  This Court will award Mr. Melanson attorney's fees totaling $24,850.00.  Mr. Melanson is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge